Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:         mark@markmerin.com
                    paul@markmerin.com

Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
499 14th Street, Suite 300
Oakland, California 94612
Telephone:   (510) 839-1200
Facsimile:    (510) 444-6698
E-Mail:         yhuang.law@gmail.com

Attorneys for Plaintiffs
K.F. and L.F.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| L.F., a minor, by and through Danisha Brown, and K.F., a minor, by and through Danisha Brown,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action is brought by L.F. and K.F., the minor daughters of Colby T. Friday, who was shot and killed by police officer DAVID WELLS, employed by the CITY OF STOCKON and STOCKTON POLICE DEPARTMENT.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is

1

brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of San Joaquin, California.

4. Plaintiffs L.F. and K.F. filed a government claim with the CITY OF STOCKTON, regarding the claims asserted herein, on February 16, 2017. That claim was rejected on March 14, 2017.

## PARTIES

5. Plaintiff L.F. is a resident of the State of California, County of Alameda. Plaintiff L.F. is the daughter of Colby T. Friday. Plaintiff L.F. is a minor and pursues this litigation through her guardian ad litem, Danisha Brown.

6. Plaintiff K.F. is a resident of the State of California, County of Alameda. Plaintiff K.F. is the daughter of Colby T. Friday. Plaintiff K.F. is a minor and pursues this litigation through her guardian ad litem, Danisha Brown.

7. Defendant CITY OF STOCKTON is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant STOCKTON POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9. Defendant ERIC T. JONES is, at all material times herein was, the Chief of Police of Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant ERIC T. JONES is sued in his individual capacity.

10. Defendant DAVID WELLS is, and at all material times herein was, a law enforcement

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

officer employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DAVID WELLS is sued in his individual capacity.

11. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known to Plaintiffs L.F. and K.F. who sues such Defendants by their fictitious names. Plaintiffs L.F. and K.F. will substitute the true and correct names of Defendants DOE 1 to 50 when ascertained.

## GENERAL ALLEGATIONS

12. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13. Colby T. Friday was a 30 year old black man residing in Stockton, California.

14. Plaintiffs L.F. and K.T. shared a close relationship and special bond with Colby T. Friday, their father. The relationships that Plaintiffs L.F. and K.F. shared with Colby T. Friday presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

### The Killing of Colby T. Friday

15. On August 16, 2016, Colby T. Friday was located near Jamestown and Sousa Streets, in Stockton, California.

16. Colby T. Friday was walking, on foot, on a sidewalk.

17. Defendant DAVID WELLS arrived at the scene in his patrol vehicle.

18. Defendant DAVID WELLS is a K-9 officer with a K-9 partner.

19. Defendant DAVID WELLS exited his patrol vehicle, leaving his K-9 partner inside of the vehicle.

20. Defendant DAVID WELLS observed Colby T. Friday.

21. Defendant DAVID WELLS began running, on foot, towards Colby T. Friday.

22. Colby T. Friday became fearful when he observed Defendant DAVID WELLS running towards his location.

23. Colby T. Friday turned and ran in the direction opposite of Defendant DAVID WELLS.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

24. Defendant DAVID WELLS pursed Colby T. Friday.

25. Colby T. Friday ran around a nearby building, to an area located behind the building.

26. A locked gate blocked Colby T. Friday's path behind the building.

27. Colby T. Friday approached the locked gate.

28. Defendant DAVID WELLS was behind Colby T. Friday as he approached the locked gate.

29. Defendant DAVID WELLS shot Colby T. Friday at least twice with his service pistol.

30. Colby T. Friday's back was facing Defendant DAVID WELLS at the time that he was shot.

31. Colby T. Friday did not pose a threat to anyone at any time, including the period of time that Defendant DAVID WELLS pursued him until Defendant DAVID WELLS shot him.

32. Colby T. Friday died at the scene of the shooting.

33. According to one eye-witness, a person living in a second-story apartment unit near the scene of the shooting, immediately before shooting and killing an unarmed Colby T. Friday, Defendant DAVID WELLS said, "I'm going to shoot you in the back."

34. Defendant DAVID WELLS had on his person a department-issued body-camera. At no time immediately prior to or during Defendant DAVID WELLS's interaction with Colby T. Friday did he activate his body-camera. Defendant DAVID WELLS's failure to activate his body-camera violated the policies of Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT.

### City of Stockton & Stockton Police Department's Response

35. On August 16, 2016, following the shooting, Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT placed Defendant DAVID WELLS on three-day paid administrative leave.

36. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50, issued false and misleading media statements in an attempt to control the narrative of the shooting. Several aspects of the media statements were false. All aspects of the media statements were issued before any investigation or determination of their accuracy had been completed and verified. Several aspects of the media statements were directly contradicted by eye-witnesses who

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

had provided police statements.

37. On August 16, 2016, Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT issued a publicly-available "Watch Commander's Activity Report." *See* <https://www.tipsoftonline.com/Push/uploads/572/081616DM.pdf>. Therein, Colby T. Friday's shooting was described as follows:

> **Officer Involved Shooting (1402) Jamestown Street and Kentfield Road, Valley Oak District**
>
> A Stockton Police Officer was attempting to contact a suspect in relation to a robbery investigation. The suspect fled on foot, and a foot pursuit endued. During the foot chase, the suspect pulled out a firearm and was subsequently shot by the officer. The suspect was transported to an area hospital where he was pronounced deceased."

38. Immediately following the shooting, Defendant STOCKTON POLICE DEPARTMENT's spokesperson, Joe Silva, provided a media statement concerning the killing of Colby T. Friday which included the following statements:

a) "The officer was following up on a robbery investigation, at which point he saw a person who matched the robbery suspect. That suspect ran away from the officer, armed with a handgun. Our officer gave chase, on foot, and the suspect refused to comply with our officer's orders. At which point, our office, not only fearing for his safety but others in the area, fired his service weapon, striking the suspect. The suspect was then transported to an area hospital where he was pronounced deceased. At this time we have initiated a multi-agency protocol investigation and I have no further information I can release until we get more information from the protocol interviews."

b) "More details will come out during the interview with the officer and any potential witnesses who saw what happened, but any time you have a suspect who's armed with a handgun fleeing into a neighborhood, that is a very dangerous situation for the people in this neighborhood and also for the officer."

c) "You don't know what this suspect is capable of doing, and the preliminary

5

information we have is that he was refusing our officer's commands. People who are armed with handguns can turn violent and deadly for innocent people in this area, and that's something we didn't want to happen here today, so our officer did what he was trained to do."

39. The media statement sought to cast Colby T. Friday in a negative light. Colby T. Friday was characterized as a documented gang member with a record of arrests for robbery, weapons possession, and resisting arrest.

40. An August 16, 2016, "tweet" from Defendant STOCKTON POLICE DEPARTMENT's Twitter account, <https://twitter.com/stocktonpolice>, published at 3:51 p.m., hours after the shooting, contained a photo of a handgun on the ground and the accompanying message: "Stockton OIS Update: photo of suspect's handgun. Suspect has died from injuries at a local hospital."

41. A day after issuing the initial media statement, Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT's spokesperson Joe Silva issued a further media statement retracting, revising, and contradicting the initial media statement in several significant respects. Now, according to the second media statement, Colby T. Friday was a "domestic violence suspect" and was attempting to pick up weapon at the time he was shot, as opposed to a "robbery suspect" that was "armed with a handgun" at the time he was shot, as announced immediately after the shooting.

42. According to the second media statement, a domestic violence incident occurred a week prior to the shooting of Colby T. Friday. The suspect in the domestic violence incident was said to be armed and Defendant DAVID WELLS believed Colby T. Friday looked like the domestic violence suspect and attempted to approach him. Defendant DAVID WELLS chased after a fleeing Colby T. Friday and, during the chase, Colby T. Friday dropped a gun before he stopped running. Defendant DAVID WELLS told Colby T. Friday not to pick up the weapon but Colby T. Friday did attempt to pick up the weapon, at which time Defendant DAVID WELLS shot him.

43. In October 2016, months after the shooting, it was revealed by Defendant ERIC T. JONES, Chief of Police, that Defendant DAVID WELLS had failed to activate his body-camera prior to pursuing and shooting Colby T. Friday. This information was revealed at the same time that it was announced that Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT would

6

COMPLAINT; DEMAND FOR JURY TRIAL
L.F. v. City of Stockton, United States District Court, Eastern District of California, Case No. _____

be upgrading their body-cameras. The joint announcement was an attempt by Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, and ERIC T. JONES to diminish Defendant DAVID WELLS's failure to activate his body-camera and to continue to control the narrative of the Colby T. Friday shooting.

## MUNICIPAL & SUPERVISORY ALLEGATIONS

44. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50's failure adequately to train, supervise, and/or discipline their police force has created, fostered, and/or contributed to an unchecked culture of police misconduct and abuse.

45. Defendant ERIC T. JONES, acting as Chief of Police, was a final policy-making authority for Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT as it relates to the training, supervision, and discipline of police officers under his command, including use of excessive force. *See* Cal. Gov. Code § 38630(a). Defendant ERIC T. JONES has been employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT since 1993, has acted as a supervisory employee since 2005, and has acted as Chief of Police since March 2012.

46. Defendants DOE 1 to 50 are/were policy-making authorities based on a delegation of authority for Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT as it relates to the training, supervision, and discipline of police officers under his command, including use of excessive force.

47. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 knew or should have known that the subordinate employees under their command, including Defendant DAVID WELLS, were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices.

48. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 maintained policies, customs, or practices deliberately indifferent to and/or acquiescing in, and/or failed to maintain policies, customs, or practices when it was obvious that they were needed to prevent the use of unreasonable force against persons with whom their employees would necessarily have contact. The presence of these policies, customs, or practices is confirmed by and consistent with the killing of Colby T. Friday and the related actions of Defendant DAVID WELLS.

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

49. Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT have a significant history of problematic officer-involved shootings and use of unreasonable force, particularly with respect to the shooting and killing of unarmed and non-threatening African-American men. On information and belief, within the last six years, Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT's police force has shot 27 individuals, killing 17.

50. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 maintained policies, customs, or practices deliberately indifferent or acquiescing to the use of unreasonable force by employees of the STOCKTON POLICE DEPARTMENT against persons with whom their employees would necessarily have contact through the refusal and failure of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 to discipline the employees involved in the use of unreasonable force including the failure to terminate the employment of any offending employees and failing even to limit these offending employees' access to weapons and munitions or to limit these offending employees' contact with and jurisdiction over members of the public.

51. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including:

    i) Multiple past and subsequent instances of use of unreasonable force by Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, and ERIC T. JONES's police force, resulting in the filing of lawsuits, government claims, and citizens' complaints and the payment of settlements. For example, *Haynes v. Johnson*, E.D. Cal. Case No. 2:15-cv-00565-WBS-DB ($90,000 settlement paid to man shot by Stockton Police Department police officer during a traffic stop <http://www.recordnet.com/news/20170714/stockton-settles-fatal-officer-involved-shooting-suit-for-90000>); *Smith v. City of Stockton*, E.D. Cal. Case No. 2:15-cv-02511-MCE-AC ($307,500 settlement paid to mentally ill man attacked by Stockton Police Department police officer and K-9 partner <http://www.recordnet.com/news/20160613/police-dog-bite-brings-307500-settlement>); *R.T. v. City of Stockton*, E.D. Cal. Case No. 2:15-cv-00430-TLN-DB ($500,000 settlement

8

COMPLAINT; DEMAND FOR JURY TRIAL
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

paid to family of mentally-ill man shot and killed by Stockton Police Department police officers <http://www.recordnet.com/news/20161013/city-settles-wrongful-death-lawsuit-for-550000>); *Hallon v. City of Stockton*, E.D. Cal. Case No. 2:11-cv-00462-GEB-AC ($55,000 settlement paid to man allegedly beaten by Stockton Police Department police officers <http://www.recordnet.com/article/20130130/a_news/130139988>); *Moore v. City of Stockton*, E.D. Cal. Case No. 2:13-cv-02104-WBS-EFB ($210,000 settlement paid to elderly man allegedly attacked by Stockton Police Department police officers); *Breed v. City of Stockton*, E.D. Cal. Case No. 2:10-cv-00650-GEB-GGH (settlement paid to man who allegedly had guns pointed at his face and was tased and beaten by Stockton Police Department police officers). See also pending litigation, for example, *Smith v. City of Stockton*, E.D. Cal. Case No. 2:10-cv-02495-MCE-CKD at ECF No. 108 (denying summary judgment and qualified immunity to Stockton Police Department police officers who shot 30 times an allegedly unarmed man); *Pimentel v. City of Stockton*, E.D. Cal. Case No. 2:17-cv-00931-WBS-AC (alleging that Stockton Police Department police officers killed a compliant, unarmed man following a traffic stop); *Smith v. City of Stockton*, E.D. Cal. Case No. 2:15-cv-00363-KJM-AC (alleging that Stockton Police Department police officers shot an unarmed, surrendering man); *Valencia v. City of Stockton*, E.D. Cal. Case No. 2:16-cv-02081-JAM-AC (alleging Stockton Police Department police officers tased and beat to death a mentally ill man); *Cooke v. City of Stockton*, E.D. Cal. Case No. 2:14-cv-00908-KJM-KJN (alleging that Stockton Police Department police officers beat a man then wrapped him in "safe wrap," resulting in his death by asphyxiation); *Brown v. City of Stockton*, E.D. Cal. Case No. 2:13-cv-01007-KJM-KJN (alleging that Stockton Police Department police officers shot a man 11 times while he was unarmed and lying on his back); *Koussaya v. City of Stockton*, San Joaquin County Superior Court Case No. STK-CV-UNPI-2016-0003703 (victim of kidnapping during bank robbery was allegedly shot multiple times by several Stockton Police Department police officers during pursuit where "32 officers shot as many as 600 indiscriminate bullets").

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

ii) The multiple instances of misconduct that occurred in an open and public setting by Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, and ERIC T. JONES's police force, indicating they act with impunity and with total disregard of the law.

iii) The involvement of multiple of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, and ERIC T. JONES's police force in instances of misconduct, indicating action without intervention and integral participation.

iv) Defendant DAVID WELLS's multiple violations of constitutional rights committed in the process of seizing and killing Colby T. Friday.

52. Defendant DAVID WELLS has been employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT as a police officer since 2003. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 were or should have been on notice of Defendant DAVID WELLS's unfitness for duty and frequent resort to unlawful action through multiple sources, including:

a) On information and belief, Defendant DAVID WELLS was known to be a violent police officer and has been the subject of multiple citizens' complaints alleging his unlawful conduct, including instances of use of unreasonable force.

b) On February 15, 2015, more than a year before Defendant DAVID WELLS killed Colby T. Friday, one source of alleged reporting of misconduct and abuse by Defendant STOCKTON POLICE DEPARTMENT police officers, the "Stockton Police Department Corruption Reporting Page," <https://www.facebook.com/Stockton-Police-Department-Corruption-Reporting-Page-20-609954912484173/>, published a list of ten of Defendant STOCKTON POLICE DEPARTMENT's police officers to "keep an eye out for." Defendant DAVID WELLS was identified as number 1, first on the list.

c) In *People v. Fazzio*, No. C071526, 2013 Cal. App. Unpub. LEXIS 5212 (Cal. Ct. App. July 24, 2013), the California Court of Appeals reversed a conviction based on Defendant DAVID WELLS's illegal searches and seizures in violation of the Fourth Amendment occurring in February 2010.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

53. On information and belief, additional evidence and information related to Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50's policies, customs, or practices will be sought and obtained during the course of this litigation. Although access to the existence or absence of internal policies, customs, or practices, prior to discovery, is necessarily limited, on information and belief, Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 have access to and/or knowledge of past events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

54. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 ratified and approved of Defendant DAVID WELLS's decisions and the basis for them, including seizing and utilizing unreasonable lethal force against Colby T. Friday, without justification, where they:

    a) Issued a public statement the same day and immediately after the shooting occurred that stated that Defendant DAVID WELLS's actions were justified, before sufficient investigation into the incident had occurred and without knowledge of the actual facts;

    b) Refused to disseminate and obstructed public access to recordings and information concerning Colby T. Friday's shooting, including contradicting eye-witnesses statements;

    c) Failed to find that Defendant DAVID WELLS's actions in pursuing and killing Colby T. Friday were inconsistent, uncompliant, or not conforming with Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT policies;

    d) Failed to find that Defendant DAVID WELLS's actions in pursuing and killing Colby T. Friday were inconsistent, uncompliant, or not conforming with mandatory training provided by the Commission on Peace Officer Standards and Training;

    e) Failed to terminate or even to reprimand, discipline, or admonish Defendant DAVID WELLS in connection with Colby T. Friday's killing; and/or

    f) Failed to enact new or different policies, or to amend existing policies, that would prevent use of unreasonable force in the future.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

## FIRST CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

55. The First Claim is asserted by Plaintiffs L.F. and K.F. against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

56. Plaintiffs L.F. and K.F. reallege and incorporate the allegations of the preceding paragraphs 1 to 54, to the extent relevant, as if fully set forth in this Claim.

57. Defendant DAVID WELLS, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized unreasonable force in seizing and killing Colby T. Friday, in violation of his Fourth and Fourteenth Amendment rights protected by the U.S. Constitution, thereby depriving and interfering with Plaintiffs L.F. and K.F.'s constitutionally-protected right of familial association, companionship, and society with their father, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution.

58. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50, acting under color of state law and as policy-making authorities, maintained policies, customs, or practices permitting or deliberately indifferent to, or failed to maintain policies, customs, or practices when it was obvious that they were needed to prevent, the use of excessive force, or ratified and approved of Defendant DAVID WELLS's decisions and the basis for them, and were the moving force behind Defendant DAVID WELLS's violation of Plaintiffs L.F. and K.F.'s Fourteenth Amendment rights secured by the U.S. Constitution.

59. Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs L.F. and K.F.'s Fourteenth Amendment rights secured by the U.S. Constitution, or were wantonly or oppressively done.

60. As a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions, Plaintiffs L.F. and K.F. suffered injuries entitling them to receive compensatory damages against

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS and DOE 1 to 50, declaratory and injunctive relief against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and punitive damages against Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

WHEREFORE, Plaintiffs L.F. and K.F. pray for relief as hereunder appears

## SECOND CLAIM

### Right of Familial Association, Companionship, and Society

### (First & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

61. The Second Claim is asserted by Plaintiffs L.F. and K.F. against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

62. Plaintiffs L.F. and K.F. reallege and incorporate the allegations of the preceding paragraphs 1 to 54, to the extent relevant, as if fully set forth in this Claim.

63. Defendant DAVID WELLS, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized unreasonable force in seizing and killing Colby T. Friday, in violation of his Fourth and Fourteenth Amendment rights protected by the U.S. Constitution, thereby depriving and interfering with Plaintiffs L.F. and K.F.'s constitutionally-protected right of familial association, companionship, and society with their father, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution.

64. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50, acting under color of state law and as policy-making authorities, maintained policies, customs, or practices permitting or deliberately indifferent to, or failed to maintain policies, customs, or practices when it was obvious that they were needed to prevent, the use of excessive force, or ratified and approved of Defendant DAVID WELLS's decisions and the basis for them, and were the moving force behind Defendant DAVID WELLS's violation of Plaintiffs L.F. and K.F.'s First and Fourteenth Amendment rights secured by the U.S. Constitution.

65. Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs L.F. and

13

K.F.'s First and Fourteenth Amendment rights secured by the U.S. Constitution, or were wantonly or oppressively done.

66.     As a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions, Plaintiffs L.F. and K.F. suffered injuries entitling them to receive compensatory damages against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS and DOE 1 to 50, declaratory and injunctive relief against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and punitive damages against Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

WHEREFORE, Plaintiffs L.F. and K.F. pray for relief as hereunder appears.

## THIRD CLAIM

### Right of Familial Association, Companionship, and Society

**(Article I, § 7 of the California Constitution; Cal. Gov. Code §§ 815.2(a) & 820(a))**

67.     The Third Claim is asserted by Plaintiffs L.F. and K.F. against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

68.     Plaintiffs L.F. and K.F. reallege and incorporate the allegations of the preceding paragraphs 1 to 54, to the extent relevant, as if fully set forth in this Claim.

69.     Defendant DAVID WELLS, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized unreasonable force in seizing and killing Colby T. Friday, in violation of his Fourth and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 13 of the California Constitution, thereby depriving and interfering with Plaintiffs L.F. and K.F.'s constitutionally-protected right of familial association, companionship, and society with their father, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7 of the California Constitution.

70.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50, acting under color of state law and as policy-making authorities, maintained policies, customs, or practices permitting or deliberately indifferent to, or failed to maintain policies,

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

customs, or practices when it was obvious that they were needed to prevent, the use of excessive force, or ratified and approved of Defendant DAVID WELLS's decisions and the basis for them, and were the moving force behind Defendant DAVID WELLS's violation of Plaintiffs L.F. and K.F.'s First and Fourteenth Amendment rights secured by the U.S. Constitution and art. I, § 7 of the California Constitution.

71. Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

72. Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs L.F. and K.F.

73. As a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions, Plaintiffs L.F. and K.F. suffered injuries entitling them to receive compensatory damages against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS and DOE 1 to 50, declaratory and injunctive relief against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and punitive damages against Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

WHEREFORE, Plaintiffs L.F. and K.F. pray for relief as hereunder appears.

## FOURTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Gov. Code §§ 815.2(a) & 820(a))**

74. The Fourth Claim is asserted by Plaintiffs L.F. and K.F. against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

75. Plaintiffs L.F. and K.F. reallege and incorporate the allegations of the preceding paragraphs 1 to 73, to the extent relevant, as if fully set forth in this Claim.

76. Defendant DAVID WELLS, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized unreasonable force in seizing and killing Colby T. Friday, in

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

violation of his Fourth and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 13 of the California Constitution, thereby depriving and intentionally interfering with Plaintiffs L.F. and K.F.'s constitutionally-protected right of familial association, companionship, and society with their father, by threats, intimidation, or coercion, and in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7 of the California Constitution.

77.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50, acting under color of state law and as policy-making authorities, maintained policies, customs, or practices permitting or deliberately indifferent to, or failed to maintain policies, customs, or practices when it was obvious that they were needed to prevent, the use of excessive force, or ratified and approved of Defendant DAVID WELLS's decisions and the basis for them, and were the moving force, by threats, intimidation, or coercion, behind Defendant DAVID WELLS's violation of Plaintiffs L.F. and K.F.'s First and Fourteenth Amendment rights secured by the U.S. Constitution and art. I, § 7 of the California Constitution.

78.     Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

79.     Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs L.F. and K.F.

As a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50's actions and inactions, Plaintiffs L.F. and K.F. suffered injuries entitling them to receive compensatory damages against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS and DOE 1 to 50, declaratory and injunctive relief against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and punitive damages against Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50.

WHEREFORE, Plaintiffs L.F. and K.F. pray for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs L.F. and K.F. seek Judgment as follows:

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

1. For an award of compensatory, general, and special damages against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants ERIC T. JONES, DAVID WELLS, and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to federally protected rights, or were wantonly or oppressively done, or constituted oppression and/or malice resulting in great harm;

3. For an award of declaratory or injunctive relief, enjoining and restraining Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, and DOE 1 to 50 from continuing or repeating the policies, customs, or practices complained of herein;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code 52.1, Cal. Code Civ. Proc. § 1021.5, or any and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: August 8, 2017                     Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Dated: August 8, 2017

By: _____
Yolanda Huang
LAW OFFICES OF YOLANDA HUANG
499 14th Street, Suite 300
Oakland, California 94612

Attorneys for Plaintiffs
L.F. and K.F.

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs L.F. and K.F.

Dated: August 8, 2017

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:       (916) 447-8336

Yolanda Huang
LAW OFFICES OF YOLANDA HUANG
499 14th Street, Suite 300
Oakland, California 94612
Telephone:      (510) 839-1200
Facsimile:       (510) 444-6698

Attorneys for Plaintiffs
L.F. and K.F.

18

**COMPLAINT; DEMAND FOR JURY TRIAL**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____