UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.F., a minor, by and through Danisha Brown, and K.F., a minor, by and through Danisha Brown,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC T. JONES, DAVID WELLS, and DOE 1 to 50,<br><br>Defendants. | No. 2:17-cv-01648-KJM-DB<br><br>ORDER |

Minor plaintiffs L.F. and K.F. sue defendants for various alleged civil rights violations and the wrongful death of their father during a police encounter. Defendants pleaded multiple affirmative defenses in response. Plaintiffs move to strike defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f). Defendants oppose. For the below reasons, plaintiffs' motion is GRANTED in part and DENIED in part.

I.     BACKGROUND

    A. Factual Allegations

On August 16, 2016, Officer David Wells of the Stockton Police Department observed Colby T. Friday on a street in Stockton, California. First Am. Compl. ("FAC") ¶¶ 15,

17-21, ECF No. 8. Officer Wells believed Friday was either a suspect in a robbery investigation or a domestic violence suspect. *Id.* ¶¶ 38(a), 41. Officer Wells began to run toward Friday. *Id.* ¶ 21. Friday allegedly became fearful, turned, and ran in the opposite direction of Officer Wells. *Id.* ¶¶ 22-23. Officer Wells continued to run after Friday. *Id.* ¶ 24. The foot chase ended when Friday ran around a nearby building into a pathway ending with a locked gate. *Id.* ¶¶ 25-28. Officer Wells fired his service pistol at Friday, twice in the back. *Id.* ¶ 29. Friday died from his injuries. *Id.* ¶ 32.

      B. Procedural History

Plaintiffs L.F. and K.F. (collectively "plaintiffs") are Friday's two minor children. *Id.* ¶¶ 5, 6. Plaintiffs file this action against the City of Stockton, Stockton Police Department, Chief of Police Eric T. Jones and Officer David Wells (collectively "defendants"), alleging various federal and state constitutional violations, statutory violations and wrongful death. *See Id.* ¶¶ 55-87. All defendants pleaded five common affirmative defenses: (1) Failure to Mitigate, (2) Reasonable Force, (3) Statutory Immunities, (4) Self-Defense and (5) Assumption of Risk. *See* City Defs.' Second Am. Answer ("City SAA") at 12-13, ECF No. 18; Def. Jones's Second Am. Answer ("Jones SAA") at 13-14, ECF No. 19; Def. Wells' Second Am. Answer ("Wells SAA") at 10-11, ECF No. 20.

Defendant City of Stockton and Stockton Police Department ("city defendants") pleaded an additional sixth affirmative defense: Government Torts Claims Immunity. *See* City SAA at 13. Defendants Jones and Wells ("officer defendants") each pleaded three additional affirmative defenses: Qualified Immunity, Contributory and Comparative Negligence By Decedent, and Probable Cause, as their sixth, seventh and eighth affirmative defenses, respectively. *See* Jones SAA at 14; Wells SAA at 11.

Plaintiffs move to strike all affirmative defenses under Rule 12(f). ECF Nos. 21, 22, 23. Defendants oppose. ECF Nos. 26, 27, 28. Plaintiffs filed reply briefs. ECF Nos. 29, 30, 31. The motions were submitted without oral argument under Local Rule 230(g). ECF No. 32 (Min. Order Nov. 29, 2017). The court resolves the motions here.

/////

## II. LEGAL STANDARD

The court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of law. *Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 4001133, at *1 (E.D. Cal. Jul. 26, 2016).

### A. Insufficiency as a Matter of Pleading

A party must affirmatively state its affirmative defenses. Fed. R. Civ. P. 8(c)(1). Generally, the pleading standard is met if the affirmative defense provides "fair notice." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("the key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") To provide fair notice, the defendant must "identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of facts upon which the defense is based." *Dodson v. Munirs Co.*, No. CIV. S-13-0399 LKK/DAD, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013). The fair notice standard is a "low bar" that does not require great detail, but requires some factual basis for the affirmative defense. *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (citations omitted). Referring to the doctrine or statute generally does not confer "fair notice" to the other party, unless it is a well-established affirmative defense. *Id.* Fact-barren affirmative defenses or bare references to doctrines and statutes are generally not accepted. *Id.* at 992-93.

Federal district courts are split on the standard applicable to motions to strike affirmative defenses. Some courts have applied a heightened pleading standard to affirmative defenses since the Supreme Court articulated heightened pleading standards for complaints in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), while others apply a more lenient fair notice standard. *Compare Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-02818-ODW (AJW), 2018 WL 376664, at *2 (C.D. Cal. Jan. 11, 2018) (*Twombly/Iqbal* apply to affirmative defenses), *and Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 5068569, at *4 (N.D. Cal. Nov. 3, 2017) (*Twombly/Iqbal* apply to affirmative

defenses), *with Am. GNC Corp. v. LG Electronics Inc.*, No. 17-cv-01090-BAS-BLM, 2017 WL 4792373, at *2 (S.D. Cal. Oct. 24, 2017) ("fair notice" applies to affirmative defenses), *and Neylon v. Cty. of Inyo*, No. 1:16-cv-0712 AWI JLT, 2017 WL 3670925, at *2 (E.D. Cal. Aug. 25, 2017) ("fair notice" applies to affirmative defenses). Plaintiffs urge this court to side with the former. *See* Mots., ECF Nos. 21-1 at 9, 22-1 at 8, 23-1 at 8.

Consistent with its previous determination, the court declines to apply the heightened standard. *See, e.g.*, *Cal. Brewing Co.*, 2016 WL 4001133, at *1 n.3; *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-CV-00861-KJM, 2015 WL 5436784, at *12 (E.D. Cal. Sept. 15, 2015). The court clarifies its reasoning here. First, fair notice is the appropriate standard because it coincides with the Federal Rules of Civil Procedure's requirement that defendants "affirmatively state" an affirmative defense. *See Am. GNC Corp. v. LG Electronics Inc.*, No. 17-cv-01090-BAS-BLM, 2017 WL 4792373, at *2 (S.D. Cal. Oct. 24, 2017) (comparing Federal Rules of Civil Procedure 8(a)(2) and 8(c)). Second, defendants have strict time constraints in pleading affirmative defenses, justifying a difference between pleading standards for a complaint, often limited in time only by any applicable statutes of limitations, and for affirmative defenses. *See* Fed. R. Civ. P. 12(a)(1) (generally requiring responsive pleadings filed within 21 days); *id.* 12(a)(2)-(3) (requiring responsive pleadings within 60 days for the United States and U.S. agencies, officers and employees). Third, a heightened pleading standard is likely to generate more motions to strike, which are disfavored by federal courts. *Id.* (citing *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045, 2011 WL 6934557, at *2 (D. Del. Dec. 30, 2011)); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Fourth, the Ninth Circuit, without discussing *Twombly* or *Iqbal*'s effect on pleading standards, has approved a fair notice standard for pleading affirmative defenses. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the [affirmative] defense in 'general terms.'"); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020, 1023 (9th Cir. 2010) (evaluating affirmative defenses under "fair notice" standard despite referring to *Iqbal* elsewhere); *see also Am. GNC Corp.*, 2017 WL 4792373, at *2 ("[T]he Ninth Circuit has not instructed district courts to apply

the *Twombly*/*Iqbal* standard to affirmative defenses."). The "fair notice" standard therefore guides the court's analysis below.

B. Insufficiency as a Matter of Law

A motion to strike an affirmative defense is appropriate as a matter of law if the affirmative defense is redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f). An allegation is "redundant" if it is needlessly repetitive or wholly foreign to the issues involved in the action. *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). An allegation is "immaterial" if there is no essential or important relationship to the pleaded claims or defenses. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993). An allegation is "impertinent" if it consists of statements that do not pertain and are unnecessary to the issues. *Id.* An allegation is "scandalous" if it casts a "cruelly derogatory light on a party." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). The court now applies the above standards in evaluating each affirmative defense.

III. DISCUSSION

A. Failure to Link Asserted Affirmative Defenses to Claims

Plaintiffs seek to strike all affirmative defenses because defendants did not identify to which claim or claims the alleged affirmative defenses apply. *See* Mots., ECF Nos. 21-1 at 10, 22-1 at 9, 23-1 at 9.

Generally, courts strike affirmative defenses where too many affirmative defenses are pleaded vaguely, ambiguously and in a "one-sentence" shotgun manner. *E.g.*, *Kaur v. City of Lodi*, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *2 (E.D. Cal. Feb. 17, 2016). Here, defendants all plead five common affirmative defenses. City SAA at 12-14; Jones SAA at 13-14; Wells SAA at 10-11. The city defendants plead one other affirmative defense, and the officer defendants plead three other affirmative defenses common to their cases. *Id.* In total, city defendants pleaded only six affirmative defenses and officer defendants each pleaded only eight affirmative defenses. *Id.* None of the affirmative defenses here is vague or ambiguous, or pleaded in the one-sentence "shotgun" manner requiring striking defendants' affirmative

/////

5

defenses. In pleading, defendants have identified a sufficient factual basis or a specific statute, reducing vagueness or ambiguity.

Plaintiffs' reliance here on *Byrne v. Nezhat* and other non-binding case law is unavailing. *Byrne,* 261 F.3d 1075, 1129 (11th Cir. 2001) (striking 26 affirmative defenses pleaded in one sentence). Defendants have pleaded only a short list of affirmative defenses. *See* City SAA, 12-14; Jones SAA at 13-14; Wells SAA at 10-11. Identifying a defense's application to plaintiffs' claims is not as onerous as compared with 26 vague and ambiguous one-sentence affirmative defenses in *Byrne*. The court declines to strike any affirmative defense here solely because defendants have not identified which defense applies to which claim or claims.

### B. Common Affirmative Defenses Pleaded by All Defendants

The court first reviews the five common affirmative defenses pleaded by all defendants: (1) Failure to Mitigate, (2) Reasonable Force, (3) Statutory Immunities, (4) Self-Defense and (5) Assumption of Risk.

#### 1. Failure to Mitigate

Defendants each assert "Failure to Mitigate" as a first affirmative defense. Defendants contend "[t]hat the plaintiffs, by the exercise of reasonable effort, could have mitigated reduced [sic] the amount of claimed damages; however, plaintiffs did not, and failed to exercise such reasonable efforts at mitigation, all to defendants' detriment." City SAA at 12; Jones SAA at 13; Wells SAA at 10. Plaintiffs move to strike "Failure to Mitigate" as an affirmative defense for insufficient pleading. Mots., ECF Nos. 21-1 at 12, 22-1 at 11, 23-1 at 11.

Defendants have sufficiently pleaded the affirmative defense. A generalized statement meets a party's pleading burden with respect to a damage mitigation affirmative defense. *Kaur*, 2016 WL 627308, at *2 (citing *Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*, No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015)). Here, defendants have sufficiently provided "fair notice" of their defense through a generalized statement describing the reason for their affirmative defense.

Defendants are not required to plead additional factual bases to put plaintiffs on more detailed notice of the defense. When, as here, discovery has barely begun, the failure to

mitigate defense is sufficiently pleaded without additional facts. *Ganley v. Cty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007). Additionally, fair notice does not require a defendant at this stage to prove with facts the merit of an affirmative defense. *Kaur*, 2016 WL 627308, at *2 (citing *Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at *7 (S.D. Cal. Jan. 28, 2013)).

Plaintiffs' motion to strike defendants' first affirmative defense for Failure to Mitigate is DENIED.

### 2. Second Affirmative Defense: Reasonable Force

Defendants each assert "Reasonable Force" as their second affirmative defense. Defendants contend:

> [A]ny force used upon the decedent was reasonable and necessary. At no time was more force used than was reasonably necessary. Any allegation of excessive injury or harm is denied and any force used against the decedent was reasonable and lawful. Any allegation of excessive injury or harm is denied and any force used against the decedent was reasonable and lawful and only as such to overcome the threat posed by the decedent.

City SAA at 13; Jones SAA at 13; Wells SAA at 10. Plaintiffs move to strike this defense as redundant, immaterial and impertinent. Mots., ECF Nos. 21-1 at 13, 22-1 at 12, 23-1 at 12.

The court finds the defense redundant under Rule 12(f). Reasonable force is not an affirmative defense to an excessive force case; such a defense directly addresses an element plaintiffs must prove to prevail in their claim. *Gregory v. Cty. of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2007) ("To determine whether the force used by the officers was excessive under the Fourth Amendment, we must assess whether it was objectively reasonable"); *see also Graham v. Connor*, 490 U.S. 1865, 1867-68 (1989) (objective reasonableness standard governs in excessive force cases). Thus, in the excessive force context, an asserted affirmative defense of reasonable force is a defense intended to show "that plaintiff has not met its burden of proof" as to an element plaintiff is required to prove and "is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Defendants' asserted reasonable force defense is redundant under Rule 12(f) in a case for excessive force.

/////

7

Plaintiffs' motion to strike defendants' second affirmative defense for Reasonable Force is GRANTED and the defense is STRICKEN.

### 3. Third Affirmative Defense: Statutory Immunities

Defendants assert "Statutory Immunities" as their third affirmative defense. Defendants contend the actions by police officers here entitle defendants to various statutory immunities under California Government Code sections 820.2 (discretionary immunity) and 820.4 (non-negligent execution or enforcement immunity), and California Penal Code sections 835(a) (self-defense immunity), 836 (probable cause to arrest immunity), 836.5 (probable cause to arrest immunity), and 847(b) (arrest immunity). City SAA at 13; Jones SAA at 14; Wells SAA at 10. Plaintiffs move to strike the affirmative defense as insufficiently pleaded, redundant, immaterial and impertinent. Mots., ECF Nos. 21-1 at 14, 22-1 at 13, 23-1 at 12.

The court finds the affirmative defense sufficiently pleaded as providing fair notice by directing plaintiffs to a specific statute with a brief description of each statutory code. *See, e.g.*, *Vargas v. Cty. of Yolo*, No. 2:15-cv-02537-TLN-CKD, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) (specific defenses with applicable codes and statutes sufficient to meet pleading requirements). But the defense is immaterial to plaintiffs' federal claims. *See Fantasy, Inc.*, 984 F.2d at 1528 (stating an allegation is "immaterial" if there is no essential or important relationship to the pleaded claims or defenses). This affirmative defense relies on California state immunity laws, which cannot provide a defense to a federal section 1983 action. *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) ("conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1983.5(3) cannot be immunized by state law"); *Ganley*, 2007 WL 902551, at *4 ("California state immunity laws cannot provide a defense to a § 1983 claim"). Unlike the plaintiffs in *Ganley*, the plaintiffs here have raised state law claims as well as federal claims. *See* FAC ¶¶ 67-87. Thus, defendants' affirmative defense is immaterial to only plaintiffs' federal claims. *See Vargas v. Cty. of Yolo*, No. 2:15-cv-02537 TLN CKD, 2018 WL 2970800, at *3 (E.D. Cal. June 11, 2018) (striking affirmative defense only "to the extent it is asserted against [p]laintiffs' federal law claims").

/////

The court GRANTS plaintiffs' motion to strike defendants' third affirmative defense invoking various state statutory immunities to the extent it is asserted against plaintiffs' federal law claims but otherwise DENIES the motion as to any state law claims to which the defense properly applies.

### 4. Fourth Affirmative Defense: Self-Defense

Defendants assert "Self-Defense" as a fourth affirmative defense, contending that Officer Wells "properly engaged in self-defense thereby staving off a potential assault by decedent." City SAA at 13; Jones SAA at 14; Wells SAA at 10. Plaintiffs move to strike the affirmative defense as redundant, immaterial and impertinent. Mots., ECF Nos. 21-1 at 17, 22-1 at 16, 23-1 at 15.

The court does not find this affirmative defense redundant, immaterial and impertinent. Plaintiffs here have not adequately explained how self-defense is a negative defense sufficient to render self-defense a redundant denial of plaintiffs' claims. *See, e.g.*, *Kaur*, 2016 WL 627307, at *4 (denying motion to strike self-defense because plaintiffs "have not explained how self-defense. . . is a redundant denial"). Moreover, the court finds self-defense material and pertinent to claims of excessive force. *Id.*; *Vargas*, 2016 WL 3916329, at *7 (denying motion to strike affirmative defense of "self defense and defense of others").

The court also finds defendants have sufficiently pleaded self-defense and provided plaintiffs with fair notice of the factual basis for their defense: The defense theory is based on the "imminent threat" posed to Wells and Wells having engaged in self-defense to "stav[e] off a potential assault by decedent." *Compare* City SAA at 13, Jones SAA at 14, *and* Wells SAA at 10, *with A.K.C. v. City of Santa Ana*, No. SACV 09-01153-CJC(ANx), 2010 WL 11469021, at *2 (C.D. Cal. Jul. 13, 2010) (striking self-defense as defense because defendant was unclear whether defense was a defense of others or a self-defense affirmative defense theory and for failure to provide detail to describe threat decedent posed to others).

Plaintiffs' motion to strike defendants' fourth affirmative defense for Self-Defense is DENIED.

/////

### 5. Fifth Affirmative Defense: Assumption of Risk

Defendants assert "Assumption of Risk" as a fifth affirmative defense, contending "the decedent was armed, knew all of the conditions and circumstances of his behavior and did freely and voluntarily assume any and all risks, . . . and that any injuries or damages sustained by the plaintiffs were legally caused or contributed to by the decedent's assumption of these risks." City SAA at 13; Jones SAA at 14; Wells SAA at 10. Plaintiffs move to strike the affirmative defense as insufficiently pleaded and redundant. Mots., ECF Nos. 21-1 at 18, 22-1 at 17, 23-1 at 15.

The court finds this affirmative defense sufficient pleaded. "In determining whether the assumption of risk doctrine applies, courts look at the nature of the activity involved and the role of the person whose conduct is at issue." *Vargas*, 2016 WL 3916329, at *8 (citing *Muchhala v. United States*, 532 F. Supp. 2d 1215, 1228 (E.D. Cal. 2007)). Here, as in *Vargas*, defendants have provided plaintiffs with fair notice of the factual basis of their defense by contending decedent knew and assumed the risk that came with being armed with a firearm. *See id.* (denying striking affirmative defense alleging plaintiffs "willfully resisted, obstructed, and delayed officers efforts to conduct their duties"); City SAA at 13; Jones SAA at 14; Wells SAA at 10.

But the court finds assumption of risk immaterial to plaintiffs' federal claims. Assumption of risk is not a defense applicable to § 1983 claims for due process violations. *Ganley*, 2007 WL 902551, at *9; *Vargas*, 2016 WL 3916329, at *8 ("While the Court agrees assumption of the risk is not applicable to § 1983 claims, it is still applicable to negligence claims."). Plaintiffs have pleaded a negligence (wrongful death) claim. FAC ¶¶ 81-87. Thus, plaintiffs' complaint is unlike the plaintiff's complaint in *Ganley*, which included only "a single claim under 42 U.S.C. § 1983." *Ganley*, 2007 WL 902551 at *1, 9 (striking assumption of risk as defense "because it is inapplicable to a cause of action involving [only] due process violations"). As the *Ganley* court acknowledged, "a defense of assumption of the risk applies to tort actions where the [p]laintiff knowingly acted to engage in dangerous behavior." *Id.* at *9.

/////

Plaintiffs' motion to strike Assumption of Risk as an affirmative defense is therefore GRANTED as to federal claims, but DENIED as to the negligence (wrongful death) claim.

### C. Affirmative Defenses Pleaded by City Defendants: Government Torts Claims Immunity

City defendants assert "Government Torts Claims Immunity" as a sixth affirmative defense. City SAA at 13. In describing the defense, City defendants contend plaintiffs "failed to comply with California Government Code [s]ections 901, et seq." *Id.* Plaintiffs move to strike the defense as insufficiently pleaded, redundant, immaterial and impertinent. Mot., ECF No. 21-1 at 19.

The court finds the defense sufficiently pleaded. By referencing "Government Torts Claims Immunity" and the California Government Code beginning at section 901, city defendants have provided fair notice of their defense as did the defendant in *Vargas*. In *Vargas*, the court denied a motion to strike a similarly pleaded affirmative defense asserting "defenses and all rights granted to [defendants] and each of [the defendants] by virtue of provisions of the California Government Code [s]ections 810-996.6." *Vargas*, 2016 WL 3916329, at *6. There, the court construed the defense as an assertion of immunity and failure to comply with the Government Claims Act, beginning at California Government Code section 810, as a sufficient factual basis for the defense. *Id.* So too here, city defendants have provided fair notice of the assertion of immunity and failure to comply with sections of the Government Claims Act, beginning here with California Government Code section 901. *See id.*; *see also Jing Yao v. City of Folsom*, 2017 WL 1383274, at *3 (E.D. Cal. Apr. 18, 2017) (same).

Nonetheless, the court finds this asserted immunity redundant under Rule 12(f) because it is not an affirmative defense. *Wood v. Riverside Gen. Hosp.*, 25 Cal. App. 4th 1113, 1119 (1994) ("Since compliance with the claims statute is an element of plaintiff's cause of action, failure to comply is not an affirmative defense."); *see also Edwards v. Cty. of Modoc*, No. 2:14-CV-02646-MCE, 2015 WL 4456180, at *2 (E.D. Cal. July 20, 2015). Defendants' citation to *Jing Jang Yao*, 2017 WL 1383274, at *3, is unavailing. There, the court addressed

11

only plaintiff's argument that the affirmative defense was "fact-barren" and "insufficiently specific." *Id.* Additionally, that court cited to the *Vargas* court's decision, which did not address an argument by plaintiffs that immunity under the Government Claims Act was not an affirmative defense. *See Vargas*, 2016 WL 3916329, at *6.

Additionally, city defendants' asserted immunity is immaterial to plaintiffs' federal claims because "[t]he exhaustion of state remedies is not a prerequisite to an action under § 1983." *Vargas*, 2018 WL 2970800, at *3 (citing *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982)). "[S]tate law cannot provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).

Plaintiffs' motion to strike city defendants' sixth affirmative defense for Government Torts Claims Immunity is therefore GRANTED and the defense is STRICKEN.

### D. Affirmative Defenses Pleaded by Jones and Wells

The court next reviews the affirmative defenses pleaded specifically by the officer defendants: (1) Qualified Immunity, (2) Contributory/Comparative Negligence by Decedent, and (3) Probable Cause.

#### 1. Qualified Immunity

All officer defendants assert "Qualified Immunity" as their sixth affirmative defense. Jones SAA at 14; Wells SAA at 11. Plaintiffs move to strike the affirmative defense as insufficiently pleaded, and immaterial and impertinent to state law claims. ECF Nos. 22-1 at 18, 23-1 at 16.

The court finds the affirmative defense of qualified immunity sufficiently pleaded because it provides fair notice to plaintiffs. *See, e.g.*, *Devermont*, 2013 WL 2898342, at *8 (denying motion to strike qualified immunity as affirmative defense because it is a familiar, well-established defense in civil rights actions against police officers that plaintiff can "probe" as the case progresses); *see also Contreras v. City of Los Angeles*, 603 F. App'x 530, 532-33 (9th Cir. 2015) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)). Based on a fair reading of the pleading here, plaintiffs have fair notice that defendants will assert the well-known qualified immunity defense. ECF Nos. 19 at 14, 20 at 11. An affirmative defense as well-established as qualified

immunity is sufficiently pleaded without additional factual bases. *See, e.g.*, *Kaur*, 2016 WL 627307, at *3.

At the same time, the affirmative defense of qualified immunity is immaterial to state law claims. The "doctrine of qualified immunity does not shield defendants from state law claims." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013).

Plaintiffs' motion to strike Qualified Immunity as officer defendants' sixth affirmative defense is GRANTED as to state law claims, and DENIED as to the federal claims.

### 2. Comparative Negligence by Decedent

The officer defendants each assert "Contributory / Comparative Negligence By Decedent" as their seventh affirmative defense. The officer defendants contend that decedent's negligence arises from his "failure to cooperate with WELLS, disregard his lawful requests, and the decedent's ultimate decision to possess a firearm during his contact with the defendant resulted in his death." Jones SAA at 14; Wells SAA at 11. Plaintiffs move to strike the affirmative defense as insufficiently pleaded, redundant and immaterial. ECF Nos. 22-1 at 19, 23-1 at 17.

The court rejects plaintiffs' arguments that the affirmative defense is insufficiently pleaded. A motion to strike comparative negligence should only be granted if plaintiffs do not receive fair notice of plaintiff's alleged negligent actions and when exactly plaintiff was negligent. *See, e.g.*, *Roe v. City of San Diego*, 289 F.R.D. 604, 611-12 (S.D. Cal. 2013) (granting motion to strike plaintiff's negligence as affirmative defense to § 1983 claims because defendant did not specify whether plaintiff was negligent before or after alleged incident); *Devermont*, 2013 WL 2898342, at *6 & n.3 (granting motion to strike plaintiff's negligence as affirmative defense in case involving § 1983 and state tort claims because defendant did not specify what conduct supported defense beyond plaintiff's "own acts and conduct"). Here, defendants provide fair notice by specifying alleged conduct—failure to cooperate with an officer, disregarding lawful requests, and possessing a firearm during contact with police—that occurred shortly before decedent's death as contributing to plaintiffs' harm.

/////

13

1    Plaintiffs' arguments that contributory or comparative negligence is redundant and
2    constitutes a negative defense also are unavailing. Rule 8(c)(1) explicitly lists contributory
3    negligence as an affirmative defense to certain claims. *See* Fed. R. Civ. P. 8(c)(1); *Kaur*, 2016
4    WL 627307, at *2. Plaintiffs have not adequately explained how the asserted defense is an
5    element plaintiff must prove to make contributory and comparative negligence a "negative
6    defense." *Zivkovic*, 302 F.3d at 1088.

7    The court does find contributory and comparative negligence immaterial to
8    plaintiffs' federal claims. *Miller v. Schmitz*, No. 1:12-cv-0137 LJO SAB, 2013 WL 5754945, at
9    *5 (E.D. Cal. Oct. 23, 2013) ("Concepts of comparative fault or indemnification are not
10   applicable in actions filed under 42 U.S.C. § 1983."). This affirmative defense is only material to
11   the state law claims.

12   Plaintiff's motion to strike Contributory/Comparative Negligence by Decedent as
13   officer defendants' seventh affirmative defense is thus GRANTED as to federal claims, but
14   DENIED as to state law claims.

15                    3.  Probable Cause

16   The officer defendants also assert "Probable Cause" as an eighth affirmative
17   defense. The officer defendants each assert that defendant Wells had probable cause to stop and
18   detain decedent to investigate decedent's status as a domestic violence suspect believed to be
19   armed. Jones SAA at 14; Wells SAA at 11. Defendants have sufficiently provided the factual
20   basis for which probable cause existed: a belief decedent was an armed domestic violence
21   suspect. *Id.* Plaintiffs instead move to strike the affirmative defense as redundant, immaterial
22   and impertinent. ECF Nos. 22-1 at 20, 23-1 at 18.

23   This affirmative defense is not redundant because the existence of probable cause
24   is not an element to any claim plaintiffs plead. *See, e.g.*, *Zivkovic*, 302 F.3d at 1088 ("A defense
25   which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense");
26   *Kaur*, 2016 WL 627307, at *4 (denying motion to strike probable cause asserted by plaintiffs to
27   be a redundant denial of the complaint's allegations). To support its argument, plaintiffs rely on
28   *Neylon v. Cty. of Inyo*, No. 1:16-cv-0712 AWI JLT, 2017 WL 3670925, at *13 (E.D. Cal.

Aug. 25, 2017). But as the *Neylon* court observed, "absence of probable cause is an element that [plaintiff] must prove to establish most of her claims and thus, to that extent, it is not an affirmative defense." *Id.* Probable cause, or its absence, is not an element of any claim here. This affirmative defense also is not immaterial to a section 1983 claim so as to warrant striking the affirmative defense. *See Roe*, 289 F.R.D. at 612 (denying motion to strike probable cause as affirmative defense to § 1983 claims).

Plaintiffs' motion to strike Probable Cause as the officer defendants' eighth affirmative defense is DENIED.

E. Leave to Amend

Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2). However, courts may deny leave to amend where "any amendment would be futile." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation mark omitted). The court has not found any defense insufficiently pleaded. Instead, the stricken defenses are legally insufficient and cannot be cured by additional factual pleading. Thus, any amendment would be futile. Because amendment would be futile, the court DENIES leave to amend.

IV. CONCLUSION

For the above reasons, plaintiffs' motion to strike is GRANTED in part and DENIED in part, as follows:

1. The court GRANTS plaintiffs' motion to strike defendants' second affirmative defense.
2. The court DENIES plaintiffs' motion to strike defendants' first and fourth affirmative defenses.
3. The court GRANTS plaintiffs' motion to strike defendants' third and fifth affirmative defense as to federal claims, but DENIES plaintiff's motion to strike as to relevant state claims.
4. The court GRANTS plaintiffs' motion to strike city defendants' sixth affirmative defense.

/////

5. The court GRANTS plaintiffs' motion to strike officer defendants' sixth affirmative defense as to state claims, but DENIES plaintiffs' motion to strike as to federal claims.
6. The court GRANTS plaintiffs' motion to strike officer defendants' seventh affirmative defense as to federal claims, but DENIES plaintiff's motion to strike as to state claims.
7. The court DENIES plaintiffs' motion to strike officer defendants' eighth affirmative defense.

Leave to amend is DENIED.

This resolves ECF Nos. 21, 22 and 23.

IT IS SO ORDERED.

DATED: August 9, 2018.

_____
UNITED STATES DISTRICT JUDGE