1 | Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
E-Mail: yhuang.law@gmail.com

Attorneys for Plaintiffs
L.F. and K.F.

MAYALL, HURLEY, P.C.
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No.155091

Attorneys for Defendants
CITY OF STOCKTON, STOCKTON
POLICE DEPARTMENT, ERIC T. JONES,
and DAVID WELLS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| L.F., et al., | No. 2:17-cv-01648-KJM-DB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

1

1. **PURPOSES AND LIMITATIONS**

Defendant City of Stockton seeks disclosure and discovery from Plaintiff L.F. and K.F. that involves production of private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items identified herein.

2. **SCOPE**

The protections conferred by this Stipulation and Order cover: (1) the identity of Plaintiffs L.F. and K.F.'s current school; and (2) the identity of Plaintiffs L.F. and K.F.'s current home address. The parties agree that this information is private and should be disclosed only to Defendant City of Stockton.

3. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Plaintiffs L.F. and K.F. agree otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. **ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1 <u>Basic Principles</u>. Defendant City of Stockton may use the protected information that is disclosed or produced by Plaintiffs L.F. and K.F. in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such protected information may be disclosed only to Defendant City of Stockton. This information is not to be disclosed to or shared with Defendants Stockton Police Department, Eric T. Jones, or David M. Wells. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 7 below (FINAL DISPOSITION). The protected information must be stored and maintained by Defendant City of Stockton at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2

**STIPULATED PROTECTIVE ORDER**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. 2:17-cv-01648-KJM-DB

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by Plaintiffs L.F. and K.F., Defendant City of Stockton may disclose the protected information only to: (a) Defendant City of Stockton's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; or (b) the Court and its personnel. This information is not to be disclosed to or shared with Defendants Stockton Police Department, Eric T. Jones, or David M. Wells.

## 5. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Defendant City of Stockton learns that, by inadvertence or otherwise, it has disclosed the protected information to any person or in any circumstance not authorized under this Stipulated Protective Order, Defendant City of Stockton must immediately (a) notify in writing Plaintiffs L.F. and K.F. of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 6. MISCELLANEOUS

6.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

6.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

6.3 <u>Filing Protected Information</u>. Without written permission from Plaintiffs L.F. and K.F. or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any protected information. A Party that seeks to file under seal any protected information must comply with E.D. Cal. L.R. 141. Protected information may only be filed under seal pursuant to a court order authorizing the sealing of the specific protected information at issue.

\ \ \

3

**STIPULATED PROTECTIVE ORDER**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. 2:17-cv-01648-KJM-DB

## 7. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, Defendant City of Stockton must return all protected information to Plaintiffs L.F. and K.F. or destroy such material. As used in this subdivision, "all protected information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the protected information. Whether the protected information is returned or destroyed, Defendant City of Stockton must submit a written certification to Plaintiffs L.F. and K.F. by the 60 day deadline that (1) identifies (by category, where appropriate) all the protected information that was returned or destroyed and (2) affirms that Defendant City of Stockton has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the protected information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected information. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

IT IS SO STIPULATED.

Dated: October 19, 2018

LAW OFFICE OF MARK E. MERIN

*/s/ Paul H. Masuhara*

By: _____
Paul H. Masuhara

Attorney for Plaintiffs
L.F. and K.F.

Dated: October 19, 2018

MAYALL, HURLEY, P.C.

*/s/ Mark E. Berry*
(as authorized on October 19, 2018)
By: _____
Mark E. Berry

Attorney for Defendants
CITY OF STOCKTON, STOCKTON
POLICE DEPARTMENT, ERIC T. JONES,
and DAVID WELLS

4

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

////

5

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: October 19, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\lf1648.stip.prot.ord

6

**STIPULATED PROTECTIVE ORDER**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. 2:17-cv-01648-KJM-DB

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 20____, in the case of *L.F. et al. v. City of Stockton et al.*, Case No. 2:17-cv-01648-KJM-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

7

**STIPULATED PROTECTIVE ORDER**
*L.F. v. City of Stockton*, United States District Court, Eastern District of California, Case No. 2:17-cv-01648-KJM-DB