1  **MAYALL, HURLEY, P.C.**
   A Professional Corporation
2  2453 Grand Canal Boulevard, Second Floor
   Stockton, California 95207-8253
3  Telephone (209) 477-3833
   MARK E. BERRY, ESQ.
4  CA State Bar No. 155091
   JENNY D. BAYSINGER
5  CA State bar No. 251014
   ANGELA C. RUSSELL, ESQ.
6  CA State Bar No. 314700

7  Attorneys for Defendants,
   CITY OF STOCKTON;
8  STOCKTON POLICE DEPARTMENT;
   ERIC T. JONES; and DAVID WELLS
9

10                    **UNITED STATES DISTRICT COURT**

11                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12 | **L.F., A MINOR, BY AND THROUGH** ) No.  2:17-CV-01648-KJM-DB
   | **DANISHA BROWN, AND K.F., A MINOR,** )
13 | **BY AND THROUGH DANISHA BROWN,** ) **DEFENDANTS' NOTICE AND REQUEST**
   |                                   ) **TO SEAL RECORDS**
14 |                  Plaintiffs,      )
   | vs.                               ) Judge:  Hon. Kimberly J. Mueller
15 |                                   )
   | **CITY OF STOCKTON, STOCKTON**    )
16 | **POLICE DEPARTMENT ; ERIC T.**   )
   | **JONES ; DAVID WELLS, et al.,**  )
17 |                                   )
   |                  Defendants.      )
18 |                                   )

19 | **M.C.F., by and through his Guardian ad**
   | **Litem ELIZABETH CASAS BAUTISTA,** ) No.  2:17-CV-02038-KJM-DB
20 | **individually and as successor-in-interest to** )
   | **Decedent COLBY FRIDAY; K.S.F., by and** )
21 | **through her Guardian ad Litem,** )
   | **ELIZABETH CASAS BAUTISTA,**    )
22 | **individually and as successor-in-interest to** )
   | **Decedent COLBY FRIDAY; THE ESTATE** )
23 | **OF COLBY FRIDAY, by and through its** )
   | **personal representative DENISE FRIDAY** )
24 | **HALL,**                         )
   |                                   )
25 |                  Plaintiffs,      )
   | vs.                               )
26 |                                   )
   | **CITY OF STOCKTON, STOCKTON**    )
27 | **POLICE DEPARTMENT ; ERIC T.**   )
   | **JONES ; DAVID WELLS, et al.,**  )
28 |                                   )
   |                  Defendants.      )

PLEASE TAKE NOTICE,

Defendants, respectfully request that Defendants' Post-Incident Security Video from 4707 Kentfield and Post-Incident Body Camera Videos of Officer Wells and Rust be filed under seal, such that the only person permitted access is Judge Kimberly J. Mueller.  The reason for this request is that these videos contains footage of the decedent immediately following the shooting that is graphic and potentially disturbing.  Release of this document to the public would likely impede on Plaintiffs' privacy interests, and also may result in the improper use of the material for scandalous purposes.

DATED: April 5, 2019                                         **MAYALL HURLEY, P.C.**

By     __s/s  MARK E. BERRY_____
         MARK E. BERRY

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **ARGUMENT**

This court has plenary supervisory power to seal records under appropriate circumstances, including to keep confidential ongoing investigations.  United States v. Mann (9th Cir. 1987) 829 F. 2d 849, 853.

Although there is a strong presumption of public access to court records, this presumption may be overcome where there is a likelihood of improper use of the material or where public access would infringe on the privacy or fair trial rights. Valley Broadcasting Co., v. United States Dist. (9th Cir. 1986) 798 F.2d 1289, 1294.  To determine whether the presumption of access is overcome, courts should balance the likelihood of inappropriate use with the public's interest in understanding the judicial process.  Id.

> "…even where a particular item is found to be a judicial record, and notwithstanding the presumption favoring access, courts in the Ninth Circuit must also evaluate the

---
DEFENDANTS' NOTICE AND REQUEST TO SEAL RECORDS

|   |   |
|---|---|
| 1 | risk that the material at issue would be put to an improper |
| 2 | use, which may counsel against permitting the exercise of that right in a given instance. Id. Improper uses include |
| 3 | "publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the |
| 4 | defendants or third persons; *1274 and residual privacy rights." Id. (internal quotations omitted). Ultimately, the |
| 5 | court must weigh " 'the interests advanced by the parties in the light of the public interest and the duty of the courts.' " |
| 6 | Id. (quoting Nixon v. Warner Commc'ns, Inc. (1978) 435 U.S. 589, 602)." Apple iPod iTunes Antitrust Litig. (N.D. |
| 7 | Cal. 2014) 75 F. Supp. 3d 1271, 1273–74. |

A Court should consider all relevant factors and "base its decision on compelling reason and articulate the factual basis for its ruling without relying on hypothesis or conjecture." Hagestad v. Tragesser (9th Cir. 1995) 49 F. 3d 1430, 1434.

Here, Defendants' seek to seal:

- Post-Incident Security Video from 4707 Kentfield;
- Post-Incident Body Camera Video of Officer Wells; and
- Post-Incident Body Camera Video Officer Rust.

These videos contain graphic, live action partial depictions of the actual shooting, as well as decedent at the scene immediately following the shooting. Given the graphic and potentially disturbing nature of these videos, the likelihood of the videos being used improperly is exceedingly high with the ease and prevalence with which social media and the internet allow for distribution of video materials.

Release of these records to the public would afford anyone access to the videos, and essentially publish decedent's death, and the grisly nature of the scene, without regard for the effect on decedent's family and their privacy rights. These circumstances support placing videos under seal, such that the only person permitted access is Judge Kimberly J. Mueller.

Plaintiffs have been served with this notice and request with the attached videos. These videos were also disclosed by the defendant in discovery.

//

_____
DEFENDANTS' NOTICE AND REQUEST TO SEAL RECORDS

**II.**

**CONCLUSION**

Defendants respectfully request that the Court grant this request to seal. The Post-Incident Security Video from 4707 Kentfield and Post-Incident Body Camera Videos of Officer Wells and Rust contains. Releasing these records to the public would shock the conscience and invade the privacy of decedent's minor children and family, while exposing them unnecessarily to the graphic visuals of decedent's death. A proposed order is submitted herewith.

**MAYALL HURLEY PC**

DATED: April 5, 2019   ___/s/   Mark E. Berry, Esq._____
MARK E. BERRY
ATTORNEYS FOR DEFENDANTS CITY OF STOCKTON; STOCKTON POLICE DEPARTMENT; ERIC T. JONES; and DAVID WELLS

_____
DEFENDANTS' NOTICE AND REQUEST TO SEAL RECORDS