UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.F., et al., | Consolidated Case No. 2:17-cv-01648-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

Plaintiffs L.F. and K.F., the minor daughters of Colby T. Friday, brought this case under 42 U.S.C. § 1983 against the City of Stockton, the Stockton Police Department, the Stockton Chief of Police, and Officer David Wells, after Mr. Friday was shot and killed by Officer Wells. *See* First Am. Compl., ECF No. 8, ¶¶ 29, 32. The case was consolidated with a similar case brought by M.C.F, K.S.F., and the estate of Colby Friday against the same defendants. ECF No. 44.

Before the court is defendants' Notice and Request to Seal Records, in which defendants seek to seal three videotaped recordings, in support of their motion for summary judgment, ECF No. 62. *See* Notice of Req. to Seal ("Notice"), ECF No. 63, at 3. The three

videotapes at issue are (1) a post-incident security camera video, (2) footage from a body camera worn by defendant Officer David Wells, and (3) footage from the body camera of a third-party, Officer Rust. *Id.* Plaintiffs L.F. and K.F. have filed an opposition with the court, and plaintiffs M.C.F., K.S.F., and the estate of Colby Friday have joined in the opposition. Both the opposition and the notice of joinder were filed with the court, not on the public docket, in accordance with Local Rule 141(c).

For the foregoing reasons, the court DENIES defendants' request to seal.

I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id*. at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097–98. To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, *Foltz*, 331 F.3d at 1130, which may include the need "to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)).

## II. DISCUSSION

Defendants seek to seal an exhibit to their summary judgment motion, which is a dispositive motion. As such, defendants must meet the compelling reasons standard for the request to be granted. *Kamakana*, 447 F.3d at 1178.

Defendants have not identified "a compelling reason" for sealing that extends beyond "hypothesis or conjecture." *See Ctr. for Auto Safety*, 809 F.3d at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179). Examples of compelling reasons include using court records "to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598–99). Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599). In their request to seal, defendants offer three reasons why the videotapes at issue should be sealed; the court addresses each in turn.

First, defendants allege the videotaped recordings are "graphic and potentially disturbing" because they depict "the actual shooting, as well as decedent at the scene immediately following the shooting." Request at 3. The court recognizes the graphic nature of the footage, particularly with respect to the footage from Officer Wells' body camera. However, defendants have not identified any authority that supports sealing material merely because its contents are upsetting, particularly where, as here, the footage contains evidence that is potentially crucial to the case, and there is no indication the publication of the material is intended merely to "gratify private spite or promote public scandal." *See Nixon*, 435 U.S. at 598 (citations and internal quotation marks omitted); *cf. Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) (unsealing dashboard camera footage of a police shooting in part because, "while the videos are potentially upsetting and disturbing because of the events they depict, they are not overly gory or graphic in a way that would make them a vehicle for improper purposes"); *Harmon v. City of Santa Clara*, 323 F.R.D. 617, (N.D. Cal. 2018) (releasing body camera footage

3

of "graphic and alarming footage of police officers hurting a citizen," in part because of the "strong public interest in the video's disclosure"); *Nunez v. City of San Jose*, No. 17CV03860LHKVKD, 2019 WL 1102992, at *5 (N.D. Cal. Mar. 8, 2019) (finding good cause standard not met to designate as confidential private citizen's footage of police shooting that took place in public). Accordingly, this argument in favor of sealing is unavailing.

Second, defendants argue that, because of the graphic nature of the videos, the "likelihood of the videos being used improperly is exceedingly high." *Id.* This conclusory statement does not, without more, provide support for defendants' request to seal the recordings. *See Kamakana*, 447 F.3d at 1182 (when ruling on a request to seal a court must not base its decision on "hypothesis or conjecture"). "[T]he party [seeking to seal a judicial record] must 'articulate[ ] compelling reasons supported by specific factual findings.'" *Id.* at 1178 (*quoting San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir. 1999)). Defendants do not identify how the video may be improperly used, except to suggest it may be distributed via the internet and social media. Notice at 3. Such a risk, without more, is not a compelling reason to seal the videotapes. *See Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 WL 3549257, at *4 (E.D. Cal. June 30, 2016) ("Based on the strong presumption of public access to judicial records and the public's strong interest in the conduct of officers, this Court must refuse requests to engage in damage control on behalf of the Defendants."); *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." (citation omitted)).

Finally, defendants allege concerns about "the effect on [the] decedent's family and their privacy rights." *Id.* However, plaintiffs say defendants never asked plaintiffs their position on filing the videotapes, under seal or not. In their opposition to the request to seal, plaintiffs make clear they want the videotapes to be filed on the public docket, and they do not invoke the privacy interest defendants claim to be protecting. *See Mendez*, 222 F. Supp. 3d at 792 (denying request to seal police car camera footage in part because "[t]he only valid privacy interest in this case belongs to the Plaintiffs, who have made abundantly clear that they wish the

4

videos to be made available to the public"). Given plaintiffs' opposition to the request to seal, defendants' concerns about plaintiffs' privacy rights are without merit.

Because the court finds the request to seal does not meet the compelling reasons standard, it need not reach the merits of plaintiffs' waiver argument. The request to seal is DENIED. Under Local Rule 141(e)(1), the Clerk will return to defendants the videotapes for which sealing has been denied. Within seven (7) days, defendants shall either file the material publicly on the docket or notify the court of their intent to withdraw reliance on it for the summary judgment motion, ECF No. 64.

IT IS SO ORDERED.

DATED: May 1, 2019.

UNITED STATES DISTRICT JUDGE