JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., (SBN 222173)
K. CHIKE ODIWE, ESQ., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiffs
M.C.F and K.S.F.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| L.F., et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, et al.,<br><br>　　　　Defendants.<br>_____<br>M.C.F., et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, et al.,<br><br>　　　　Defendants. | Consolidated Case No.: 2:17-cv-01648-KJM-DB<br><br>PETITION TO APPROVE COMPROMISE OF MINOR'S K.S.F.'S CLAIMS WITH PROPOSED REPLACEMENT SCHEDULE AND *REVISED* ANNUITY RATE; ORDER GRANTING PETITION<br><br>No Hearing Date Set<br><br>Honorable Kimberly J. Mueller |

　　　Pursuant to the Court's minute order of February 22, 2021, Doc. No. 97, petitioner hereby submits the revised petition for the compromise of K.S.F.'s claims:

　　　1. Petitioner ELIZABETH BAUTISTA is the mother of minor plaintiff K.S.F.

2. BAUTISTA was appointed as Guardian ad Litem to minor Plaintiff K.S.F. by this Court on February 19, 2021 [Docket No. 97.] At the time of said appointment, the Court generally approved the periodic annuity payments for each minor, but permitted Plaintiffs' counsel to propose a replacement schedule with a better annuity rate to the benefit of the minor Plaintiffs. **Berkshire Hathaway Life Insurance Company of Nebraska** (A.M. Best Rating A++/XV) was able to enhance K.S.F.'s last lump sum payment at age 35 from $92,793.99 to $215,000. As such, Petitioner outlines the proposed replacement schedule below.

3. Minor K.S.F. was born on February of 2017 and is presently 3 years old.

4. Minor K.S.F. has a cause of action for the wrongful death of her father, Decedent Colby Friday, negligence, in addition to causes of action for violations of the Fourth and Fourteenth Amendments of the U.S. Constitution, and California Civil Code § 52.1, against the named defendants herein on which a lawsuit was brought in this court. Co-Plaintiffs M.C.F., L.F., and K.F. also share in Minor K.S.F.'s wrongful death, negligence, violations Fourth and Fourteenth Amendments of the U.S. Constitution, and California Civil Code § 52.1 causes of action. All Plaintiffs share in the Fourteenth Amendment cause of action for the loss of familial relationship.

5. Plaintiffs' causes of action arise out of the incident that occurred on August 16, 2016 in which Decedent Colby Friday died after being shot by Defendant DAVID WELLS.

6. The parties in this case have reached settlement in this matter with the approval of the City of Stockton Board of Supervisors. The total settlement of the case is in the amount of $3,250,000.00, including all costs and attorneys' fees. The parties have agreed on apportionment of the settlement. Of the total gross settlement amount, Minor Plaintiff K.S.F.'s gross settlement shall be $812,500.00 (25% of the total settlement).

    a. Attorney fees for Minor Plaintiff K.S.F. shall be at 25% each of her total gross recovery, in the amount of $203,125.00, pursuant to the contingency fee agreement in this case.

    b. Proportionate with Minor Plaintiff K.S.F.'s share of the $3,250,000.00 recovery, Minor Plaintiff shall bear 50% of the total $16,482.75 in litigation costs incurred by her counsel in this action: $ 8,246.37

  c. Proportionate with Minor Plaintiff K.S.F.'s share of the $3,250,000.00 recovery, Minor Plaintiff shall bear 50% of the total $16,482.75 in litigation costs incurred by her counsel in this action: $ 8,246.37

  d. Minor Plaintiff K.S.F.'s net settlement is in the amount of $601,128.63.

  e. Of the $601,128.63 net settlement, $25,000.00, shall be placed in an FDIC insured court-blocked account. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the Minor attains the age of 18 years. When the Minor attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

  f. Defendant(s) shall arrange for the purchase of a tax-free structured settlement annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska**, through Horacio Lleverino of Settlement Planners, Inc. in the sum of $ 576,128.63

  g. **Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Assignee shall purchase a structured settlement annuity for **$576,128.63** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best. Said annuity shall provide the following guaranteed Periodic Payments(as attached in **Exhibit A**):

Payee: **K.S.F.**

a) $50,000.00 payable annually, guaranteed for 4 years, beginning on 8/1/2035, with the last guaranteed payment on 8/1/2038

b) $3,000.00 payable monthly, guaranteed for 12 years beginning on 8/1/2035 with the last guaranteed payment on 7/1/2047

c) Guaranteed Lump Sum Payment of $40,000 on 2/28/2039 (Age 22)

d) Guaranteed Lump Sum Payment of $60,000 on 2/28/2042 (Age 25)
e) Guaranteed Lump Sum Payment of $80,000 on 2/28/2047 (Age 30)
f) Guaranteed Lump Sum Payment of $215,000 on 2/28/2052 (Age 35)

7. This petition was prepared by the Law Offices of John L. Burris, the lead counsel representing plaintiffs in this action. Ben Nisenbaum and Kenneth Chike Odiwe of the Law Offices of John L. Burris also represents plaintiffs and is in agreement with the terms of this Petition. John L. Burris, Esq., Ben Nisenbaum, Esq., and Kenneth Chike Odiwe hereby represent to the Court that they became involved in this case at the request of plaintiffs, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action.

8. Petitioner and her counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the minor plaintiff, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, said minor plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if said minor's losses and injuries might in the future prove to be more serious than they are now thought to be.

9. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said minor plaintiff.

10. I declare under penalty of perjury that the foregoing is true and correct.

**Law Offices of John L. Burris**

Dated:  February 23, 2021            /s/ *Kenneth Chike Odiwe*
                                     John L. Burris
                                     Ben Nisenbaum
                                     Kenneth Chike Odiwe
                                     Attorneys for Plaintiffs
                                     M.C.F. and K.S.F.

| | |
|---|---|
| Dated: February 23, 2021 | By:*/s/ *Elizabeth Bautista* |
| | Petitioner/ Proposed Guardian ad Litem |
| | *The Law Office of John L. Burris has on file all holographic signatures corresponding to any signatures indicated by a conformed signature within this e-filed document. |

# ORDER

The Court hereby approves the minor's compromise according to the terms set forth below to approve the minor's compromise:

Of the $601,128.63 net settlement, $25,000.00, shall be placed in an FDIC insured court-blocked account. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the Minor attains the age of 18 years. When the Minor attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

Payment by **Defendant(s)** in the sum of **$ 576,128.63** to **BHG Structured Settlements, Inc.** to provide for the tax-free structured settlement set forth below ("Periodic Payments"):

Payee: **K.S.F.**

a) $50,000.00 payable annually, guaranteed for 4 years, beginning on 8/1/2035, with the last guaranteed payment on 8/1/2038.

b) $3,000.00 payable monthly, guaranteed for 12 years beginning on 8/1/2035, with the last guaranteed payment on 7/1/2047.

c) Guaranteed Lump Sum Payment of $40,000 on 2/28/2039 (Age 22).

d) Guaranteed Lump Sum Payment of $60,000 on 2/28/2042 (Age 25).

e) Guaranteed Lump Sum Payment of $80,000 on 2/28/2047 (Age 30).

f) Guaranteed Lump Sum Payment of $215,000 on 2/28/2052 (Age 35).

The sum of **$ 576,128.63** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska**, through Horacio Lleverino of Settlement Planners, Inc.

**Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff. The Assignee shall purchase a structured settlement annuity for **$576,128.63** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best.

No part of said **$576,128.63** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of the minor. **Petitioner** is authorized to settle this claim on behalf of K.S.F. and receive and negotiate funds on behalf of the minor. No bond shall be required of **Petitioner**.  Receipt for purchase of annuity is to be filed with the Court within 60 days.

Exhibit A, ECF No. 100, is provisionally sealed pending further order of the court.  This order resolves ECF No. 94 and ECF No. 99.

**IT IS SO ORDERED.**

Dated: March 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE